# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOREN WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-10733** |
| **FLOYD MAYWEATHER ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court are Plaintiff's Motion for Entry of Default Judgment (Doc. 11), Defendants' Motion to Set Aside Default and to Dismiss (Doc. 12), and Plaintiff's Motion for Ruling on Pending Pleading (Doc. 17). For the following reasons, Plaintiff's Motions are **DENIED**, and Defendants' Motion is **GRANTED**.

## BACKGROUND

Plaintiff Toren Washington filed this *pro se* action against Defendants Floyd Mayweather and Mayweather Promotions, LLC alleging breach of contract and misappropriation of intellectual property.[1] Service of process was attempted on February 14, 2019, but Defendants did not file responsive

---

[1] Plaintiff's First Amended Complaint was filed on January 24, 2019.

1

pleadings. A preliminary default was entered on March 29, 2019 on the motion of Plaintiff. Thereafter, on April 5, 2019, Plaintiff moved for the entry of default judgment. Just five days later, Defendants appeared and filed a Motion to Set Aside Default and a Motion to Dismiss. Defendants argue that they were not properly served and that the default should therefore be set aside and the case dismissed for insufficient service of process. Plaintiff opposes this Motion.

## LAW AND ANALYSIS

### A. Insufficient Service

Before addressing each motion, the Court must address the threshold issue of the sufficiency of service of process on Defendants. "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity."[2]

There are two returns of service filed into the record of this case. The first shows that a process server, Dwayne Alexander, delivered a summons intended for Mayweather Promotions via FedEx to B. Golfarm at 4020 Schiff Drive, Las Vegas, Nevada, 89102.[3] The second shows that Alexander delivered a summons intended for Mayweather Promotions via FedEx to S. Steven at 4616 Sahara Avenue, Las Vegas, Nevada, 89102.[4]

Defendants correctly point out that there is no return of service in the record showing proper service on Defendant Floyd Mayweather. Rule 4(e) provides that service may be effected on an individual defendant by (1)

---

[2] Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981).
[3] Doc. 9-2.
[4] Doc. 9-3.

2

following the procedural methods of service provided by the state in which the district court is located, (2) "delivering a copy of the summons and of the complaint to the individual personally," (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."[5] The record does not indicate that any of these methods were used to effect service on Defendant Floyd Mayweather individually. Plaintiff does not dispute this. Accordingly, Defendant Floyd Mayweather has not been properly served.

Defendants also argue that Plaintiff's attempts to serve Mayweather Promotions were ineffective because he failed to serve its registered agent for process. Under Rule 4(h)(1), service may be effected on an LLC "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Alternatively, plaintiffs may serve process in accordance with the law of the state where the district court is located or where service is made.[6] Here, service under the laws of either Louisiana or Nevada would be permissible. Louisiana law provides that service of process on an LLC should first be attempted by personal service on any one of its agents for service of process.[7] Nevada law provides that service on an LLC would be proper on the registered agent of the entity; any member of a member-managed LLC; any manager of a manager-managed LLC; any managing or general agent of any

---

[5] *See* FED. R. CIV. P. 4(e).
[6] *See* FED. R. CIV. P. 4(h)(1)(A), (e)(1).
[7] *See* LA. CODE CIV. PRO. arts. 1266(A), 1232.

entity; or any other agent authorized by appointment or by law to receive service of process.[8]

According to the Nevada Secretary of State, Mayweather Promotions LLC's registered agent for service is Jeffrey Morse & Associates, LTD, located at 3753 Howard Hughes Pkwy, #200-416, Las Vegas, Nevada, 89169. Mayweather Promotions is listed as a member-managed LLC, and the only managing member indicated is Floyd Mayweather. Neither B. Golfarm nor S. Steven is listed as a registered agent or managing member of Mayweather Promotions. Further, Plaintiff has not shown that either of these individuals is an agent otherwise authorized to accept service on behalf of Mayweather Promotions. Accordingly, both attempts at service were insufficient, and Mayweather Promotions has not been properly served.

### B. Motion to Set Aside Default

Defendants ask this Court to set aside entry of default in light of insufficient service. Rule 55(c) permits the trial court to set aside an entry of default for "good cause."[9] To determine whether "good cause" has been shown, a district court should consider (1) whether the default was willful; (2) whether granting the motion would prejudice the non-moving party; and (3) whether a meritorious defense is presented.[10] These factors, however, are not "talismanic," and the Court may consider others, such as whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the

---

[8] NEV. R. CIV. P. 4.2(c).
[9] FED. R. CIV. P. 55(c).
[10] Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).

default.[11] In deciding a Rule 55(c) motion, the Court is mindful that default judgments are generally disfavored by the law and that any doubt should be resolved in favor of the movant.[12]

The balance of factors weighs heavily in favor of setting aside default in this matter. First, Defendants' failure to timely answer the lawsuit was clearly not willful, but rather, a result of Plaintiff's failure to properly effect service on them. Second, any potential prejudice Plaintiff would suffer as a result of setting aside default is negligible. There is no trial date set in this matter, and no discovery has taken place. Third, the Court notes that Defendants acted expeditiously to correct the default, moving to set aside the default just 12 days after its entry. Finally, Defendants have set forth several defenses to this action. Given the foregoing, there can be no doubt that Defendants have established the good cause necessary under Rule 55(c). Accordingly, the entry of default against them is set aside.

**C. Motion for Entry of Default Judgment**

Having set aside the entry of default above, Plaintiff's Motion for entry of default judgment is denied.

**D. Motion to Dismiss**

Rule 12(b)(5) provides that a defendant may seek the dismissal of a pleading for "insufficient service of process." "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process."[13] This

---

[11] Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992).
[12] *See Lacy*, 227 F.3d at 292.
[13] Quinn v. Miller, 470 F. App'x 321, 323 (5th Cir. 2012).

Court has already established that Plaintiff's attempts at service were insufficient. Pursuant to Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"To establish good cause, a litigant must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[14] Pro se parties are often given leeway with regard to service deadlines and procedures.[15] "However, it is within the discretion of the court to dismiss a pro se plaintiff's cause of action when the plaintiff's own carelessness contributed to the failure of service, or where the plaintiff cannot show good cause for failure to meet deadlines for service."[16] Plaintiff does not provide any explanation for his failure to properly effect service, but rather, persists in his argument that service was proper. Accordingly, his failure to properly effect service appears to be a result of ignorance of the rules. Plaintiff has therefore failed to show good cause for his failure to properly effect service, and his case is dismissed without prejudice.

---

[14] Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C., 903 F.2d 1011, 1013 (5th Cir. 1990) (internal quotation omitted).
[15] *See* Flander v. Kforce, Inc., 526 F. App'x 364, 368 (5th Cir. 2013).
[16] *Id.*

### E. Motion to Rule on Pending Motions

Finally, Plaintiff submitted a filing entitled "Motion for Rule on Pending Pleadings." In this Motion, Plaintiff asked the Court to enter a ruling on the above pending motions. Such a motion is unnecessary. The Court addresses all motions filed before it as expeditiously as possible. Plaintiff's Motion is denied as moot in light of the foregoing.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motions are **DENIED**, and Defendants' Motion is **GRANTED**. The case is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana this 1st day of November, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**